IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| THERESA HAGANS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:12-cv-01047-JPG-PMF |
| | ) |
| MADISON COUNTY STATE'S | ) |
| ATTORNEY'S OFFICE, and | ) |
| MADISON COUNTY GOVERNMENT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# PLAINTIFF'S MOTIONS IN LIMINE

COMES NOW the Plaintiff, THERESA HAGANS, by her undersigned attorneys, and moves that this Court instruct defendants to avoid putting before the jury in any manner whatsoever the following:

**I. MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO THE OUTCOME OF ANY IDHR OR EEOC INVESTIGATION.**

Reason to Exclude:

> Relevance. The statements or findings of the EEOC or IDHR regarding any "lack of substantial evidence" is irrelevant to any of the issues to be determined by the jury. The so called "finding" of a state agency is not probative of any of the issues to be determined by the jury.
> USCS Fed Rules Evid R 401

> Unduly prejudicial. Rule 403 permits a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury."
> USCS Fed Rules Evid R 403

An investigator of the Illinois Human Rights Department made a finding of "lack of substantial evidence"; this is not admissible evidence. Seventh Circuit Jury Instruction 1.01 states that it is for the "jury to decide the facts from the evidence in the case." It is for the jury to make these factual determinations.

In an ADA claim the plaintiff is entitled to a "de novo" trial. As explained by the Seventh Circuit:

> We held in *Tulloss v. Near North Montessori School, Inc.*, 776 F.2d 150, 152-54 (7th Cir. 1985), that the district judge, as fact-finder, has "great discretion" in the treatment of an EEOC reasonable cause determination. We explained that Congress rejected a proposal to provide only deferential judicial review to EEOC findings, and chose instead to give the parties a right to de novo review by district courts of the merits of charging parties' discrimination claims, so that "the fact-finder is a district judge rather than an administrative agency hearing officer." Id. at 152, citing H.R. Rep. No. 92-238, at 58-63. We also observed that the need for discretion was "even more important" in the context of claims tried to a jury in light of the greater risks of prejudice, misinterpretation, and delay. Id. at 153 n.2. (In 1991, after *Tulloss* was decided, Congress amended Title VII to provide for jury trials in cases like Silverman's. See 42 U.S.C. § 1981a(c), enacted as section 102 of the Civil Rights Act of 1991, Pub. L. No. 102-166.) *Silverman v. Bd. of Educ.*, 637 F.3d 729, 732-733, 2011 U.S. App. LEXIS 5661 (7th Cir. Ill. 2011)

It would be reversible error to permit the jury to hear the confusing and unfairly prejudicial evidence as to the outcome of an IDHR or EEOC investigation. This "finding" would unfairly and improperly mislead the jury and would cause a jury to believe that a "verdict" in defendants' favor had already been reached by an agency charged to investigate these types of cases; admission of this evidence would deprive plaintiff of the trial *de novo* to which plaintiff is entitled.

The IDHR investigator who made the substantial evidence determination is not an attorney and has very limited training. The investigator's "finding of lack of substantial evidence" was made after minimal investigation, was based on statements not made under oath, was reached without the benefit of discovery, reflects a gross misunderstanding of the law, and did not attempt to apply the ADA or the ADAA. The finding is based on unsworn hearsay statements.

Even if the "finding" has some minimal probative value, that minimally probative value is grossly outweighed by the unfair prejudice that would attach to the admission of this grossly flawed finding.

If the IDHR finding was permitted to be presented, the trial would be unduly prolonged as plaintiff would be required to litigate and present evidence demonstrating the flawed nature of the investigation and the IDHR process.

Plaintiff respectfully requests that defendants be ordered not to make any reference to or put before the jury in any manner any findings or opinions reached by any state or federal agency or any investigator of any state or federal agency. Defendants must instruct each of its witnesses and representatives to keep from putting before the jury in any manner any findings or opinions reached by any state or federal agency or any investigator of any state or federal agency.

DECISION BY THE COURT AS TO PLAINTIFF'S MOTION IN LIMINE I

____ GRANTED      ____ DENIED      ____ RESERVED

II. **MOTION IN LIMINE TO EXCLUDE IDES/UNEMPLOYMENT BENEFITS**

The receipt by plaintiff of unemployment benefits is inadmissible; receipt of IDES benefits is clearly a collateral source and thus inadmissible.

> In NLRB v. Gullett Gin Co., 340 U.S. 361 (1951), the Supreme Court held that unemployment benefits are subject to the collateral source rule ... The Court explicitly rejected the argument that unemployment benefits are direct rather than collateral benefits, even though they (like the pension benefits here) are paid from a fund that is partially financed through employer taxation. Id. at 364. Since the payments of unemployment benefits to employees are not made to discharge any employer liability to the employee, but to carry out state social policy, the Court explained that

unemployment benefits cannot be viewed as "direct" employee
compensation. Id. ...
*United States EEOC v. Cook County Dep't of Corrections*, 1987 U.S. Dist.
LEXIS 4205, 2-3, (N.D. Ill. May 19, 1987)

The Illinois Unemployment Act specifically prohibits testimony about the receipt of benefits and proceedings under the Act.

> [T]he Illinois Unemployment Insurance Act provides that information
> obtained during the administration of the act "shall not be used in any
> court in any pending action or proceeding." Ill. Rev. Stat. Ch. 48, P 640. ...
> it has been held that in a civil action unrelated to the Unemployment
> Insurance Act, the fact that the plaintiff received unemployment cannot be
> disclosed even where it is based not on Department records ...
> *Robinson v. Sinclair & Valentine, L.P.*, 1993 U.S. Dist. LEXIS 1898, 10-12, 1993
> WL 47293 (N.D. Ill. Feb. 17, 1993)

Plaintiff respectfully requests that the defendant be ordered not to make any reference to any receipt by plaintiff of unemployment benefits nor make any reference to unemployment benefits or potential receipt of benefits in any manner whatsoever.

DECISION BY THE COURT AS TO PLAINTIFF'S MOTION IN LIMINE II

\_\_\_ GRANTED       \_\_\_ DENIED       \_\_\_ RESERVED

## III. MOTION IN LIMINE TO EXCLUDE ANY CRITICISMS OF PLAINTIFF'S WORK PERFORMANCE MADE PRIOR TO DECEMBER 6, 2010

Defendant's sole decision-maker is Thomas Gibbons. Gibbons became the Madison County State's Attorney on December 6, 2010. Gibbons had no knowledge of any shortcomings or alleged deficits in plaintiff's work performance that predate his appointment as the Madison County State's Attorney.

Defendants' decision-maker Gibbons testified as follows:

> Question:    When's the first time that you considered or contemplated
>              terminating Theresa Hagans' employment?

4

Answer: The first time it even became a realistic possibility was after Mike Swanson advised me about what had happened in the King case.

Question: Would that have been on June 17th or would it have been after June 17? Do you know?

Answer: Either that day or the following day.

[Gibbons deposition page 32, line 21 to page 33, line 3]

Any alleged criticisms of plaintiff's work performance that did not play a role in the decision to terminate her employment are irrelevant. Irrelevant evidence is inadmissible. General or vague criticisms of plaintiff's work performance unknown to Gibbons and/or not relied upon by Gibbons to allegedly support the decision to terminate are irrelevant and immaterial to the issues before this Court and jury. Plaintiff respectfully requests that the Court order defendants not to put before the jury any alleged shortcomings or work related criticisms for any event or circumstances prior to December 6, 2010.

DECISION BY THE COURT AS TO PLAINTIFF'S MOTION IN LIMINE III

____ GRANTED     ____ DENIED     ____ RESERVED


**IV.   MOTION IN LIMINE TO EXCLUDE ANY ARGUMENT, TESTIMONY, OR EVIDENCE THAT PLAINTIFF IS NOT A PERSON WITH A "DISABILITY" AS DEFINED BY THE ADA.**

An individual is covered by the ADA by one of three definitions. There is no doubt that plaintiff is an individual with a disability as alleged by plaintiff at ¶ 5 of Count I of her complaint.

> The ADA definition of "disability" does not differ from that of the ADAAA: "(a) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment."

5

> E.E.O.C. v. AutoZone, Inc., 630 F.3d 635, 639 (7th Cir. 2010), quoting 42 U.S.C. § 12102(1)...
>
> The ADAAA provides more generous coverage than the ADA by providing that the definition of disability "shall be construed in favor of broad coverage of individuals ... to the maximum extent permitted by the terms of [the Act.]" 42 U.S.C. § 12102(4)(A). The associated regulations instruct courts to be liberal in determining whether a plaintiff is substantially limited: "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).
> *Graham v. St. John's United Methodist Church,* 2012 U.S. Dist. LEXIS 153225, 8-9, 913 F. Supp. 2d 650, 654 (S.D. Ill. 2012)

Whether one uses the "physical or mental impairment definition," the "record of impairment definition, or the "regarded as" definition the plaintiff is certainly a person with a disability and defendants should not be permitted to attempt to confuse or mislead the jury regarding this issue.

Defendants's decision-maker Tom Gibbons testified as follows:

> Question: Did you have any reason to believe that she wasn't a person with a disability?
> Answer: No.
>
> Question: And the office -- your office was treating her as a person with a disability by giving her the accommodation that you had given her, correct?
> Answer: Yes.

[Gibbons deposition page 162, lines 18 - 24]

The fact that plaintiff is a person with a disability is not an issue that defendants have contested or have any evidence to contest. Defendants should be barred from offering any evidence or making any argument that plaintiff is not a person with a disability as defined by the ADA.

DECISION BY THE COURT AS TO PLAINTIFF'S MOTION IN LIMINE IV

\_\_\_\_ GRANTED        \_\_\_\_ DENIED        \_\_\_\_ RESERVED

**V.     MOTION IN LIMINE TO BAR DEFENDANTS FROM INQUIRING INTO ANY WITNESSES ALLEGED "PRIOR BAD ACTS"**

Plaintiff moves, pursuant to Federal Rules of Evidence 403, 404(b), and 608(b), to preclude defendants from offering evidence or cross-examining any witness regarding specific alleged acts of misconduct, as such would constitute improper character evidence. This evidence, if elicited, would be irrelevant and lead to unfair prejudice and confusion of the issues.

A key event in this case is a hearing held on June 17, 2011 in Madison County. Plaintiff contemplates calling a non-party witness, an attorney who was an attorney of record at the June 17, 2011 hearing. This attorney was, in a matter wholly unrelated to the present litigation, subject to ARDC discipline. The discipline resulted in a public censure in 2011 by the Illinois Supreme Court.

Federal Rules of Evidence 608(b) states that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Pursuant to Rule 608(b), defendants must be precluded from attempting to attack any witness with the witnesses' prior acts which lead to ARDC discipline or the fact of ARDC discipline itself.

Plaintiff respectfully requests that this Court order defendants not to put before the jury in any manner the fact of any witnesses' ARDC discipline or the facts giving rise to that discipline.

DECISION BY THE COURT AS TO PLAINTIFF'S MOTION IN LIMINE V

____ GRANTED      ____ DENIED      ____ RESERVED

## VI. MOTION IN LIMINE TO BAR DEFENDANTS FROM OFFERING ANY EVIDENCE OR MAKING ANY SUGGESTION OR ARGUMENT THAT PLAINTIFF'S COUNSEL ATTEMPTED TO COERCE A SETTLEMENT

After the law suit was filed in this case, the Madison County State's Attorney issued a press release in which he claimed the following:

> In the case against my office, the plaintiff's attorney has insinuated public exposure and political harm as a means to attempt to initiate a settlement. I will not bow to such tactics even if they cost me politically because I have an obligation to the public to protect the county and taxpayers. [Gibbons deposition page 147]

The State's Attorney's press release was and is grossly dishonest and was designed to distract the public from the substance of the case. Like most cases, settlement discussions occurred in this case prior to litigation.

The State's Attorney and all representatives of defendants should be barred from discussing any settlement discussions or putting any settlement discussions or demands or offers before the jury in any manner.

The defendants should be barred from attacking or attempting to attack the credibility, integrity, or professionalism of any legal counsel representing the plaintiff. Such alleged "evidence" is irrelevant, unethical, and unduly prejudicial.

DECISION BY THE COURT AS TO PLAINTIFF'S MOTION IN LIMINE VI

____ GRANTED   ____ DENIED   ____ RESERVED

Respectfully submitted,

PLAINTIFF, THERESA HAGANS

By: */s/ Lee W. Barron*
Lee W. Barron (IL 06195132)
William D. Buchanan (IL 6312437)
112 Front Street
Alton, IL 62002
Phone: 618-462-9160
Fax: 618-462-9167
lee@leebarronlaw.com
will@leebarronlaw.com

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA HAGANS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MADISON COUNTY STATE'S )<br>ATTORNEY'S OFFICE, and )<br>MADISON COUNTY GOVERNMENT, )<br>)<br>Defendants. )<br>) | No. 3:12-cv-01047-JPG-PMF |

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECTF system, which will send notification of such filing to the following:

    John Gilbert: jgilbert@sandbergphoenix.com
    Raven J. Akram: rakram@sandbergphoenix.com

                                                                */s/ Lee W. Barron*